# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ANTONIO GONCALVES,<br><br>        Plaintiff,<br><br>    v.<br><br>REINHART FOODSERVICE, L.L.C. GERALD MCFALL, and TIMOTHY CONWAY,<br><br>        Defendants. | CIVIL ACTION NO.<br><br>REMOVED FROM THE SUPERIOR COURT OF BRISTOL COUNTY, COMMONWEALTH OF MASSACHUSETTS<br>CASE NO. 2073CV00174 |

## DEFENDANTS REINHART FOODSERVICE, L.L.C., GERALD MCFALL, AND TIMOTHY CONWAY'S NOTICE OF REMOVAL

Defendants Reinhart Foodservice, L.L.C. ("Reinhart"), Gerald McFall ("Defendant McFall"), and Timothy Conway ("Defendant Conway") (collectively "Defendants") by and through their attorneys, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, file this Notice of Removal with respect to the above captioned case, which was filed and currently is pending in the Superior Court of Bristol County, Commonwealth of Massachusetts, Civil Action No. 2073-cv-00174. In support of their Notice of Removal, Defendants state as follows:

### BACKGROUND AND TIMELINESS

1. On or about March 5, 2020, Plaintiff Antonio Goncalves ("Plaintiff") filed his Complaint in the Superior Court of Bristol County, Commonwealth of Massachusetts, titled, *Antonio Goncalves v. Reinhart Foodservice, LLC, Gerald McFall, and Timothy Conway,* Civil Action No. 2073-cv-00174 (the "State Court Action").

1

2. Defendant's counsel agreed to accept service of Plaintiff's petition on March 6, 2020. A copy of all "summons, pleadings and orders" received by Defendants in the state court action is attached as Exhibit A. *See* 28 U.S.C. § 1446(a).

3. Because Defendants have filed this Notice of Removal within thirty days of receipt of the complaint, this Notice of Removal is timely. *See* 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354-55 (1999).

## THE CASE IS REMOVABLE BASED ON DIVERSITY JURISDICTION

4. Pursuant to 28 U.S.C. § 1332(a), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a).

5. In this case, the requirements of 28 U.S.C. § 1332(a) have been met because, as set forth below, there is complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

*The Parties Are Diverse*

6. There is complete diversity of citizenship between Plaintiff and Defendants.

7. As stated in the Complaint, Plaintiff resides in the Commonwealth of Massachusetts, and is therefore a citizen and resident of the Commonwealth of Massachusetts. *See* Exhibit A, Compl. ¶ 1.

8. Section 1332 defines corporate citizenship as follows: "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business[.]" 28 U.S.C. § 1332(c).

9. A corporation's principal place of business is the place where the corporation's officers direct, control, and coordinate the corporation's activity, and, in practice, that place "should normally be the place where the corporation maintains its headquarters." *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

10. Named Defendant Reinhart Foodservice, L.L.C. is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Virginia. (*See* Exhibit B, Affidavit of Michelle M. Benton, at ¶ 3).

11. Defendant McFall resides in Virginia, and is therefore a citizen and resident of Virginia.

12. Defendant Conway resides in Wisconsin, and is therefore a citizen and resident of Wisconsin.

13. Because Plaintiff is a citizen of a different state than each Defendant, this case is between "citizens of different States" and the parties are diverse. 28 U.S.C. § 1332(a), (c). Thus, complete diversity between Plaintiff and Defendants exists. *See Ezekiel v. Jones Motor Co.*, 377 F. Supp. 273, 275 (D. Mass. 1974) ("This Court has original jurisdiction of this case under 28 U.S.C. § 1332 only if all defendants are of citizenship diverse to that of the plaintiff.").

*The Amount In Controversy Exceeds $75,000.*

14. "The amount in controversy is calculated based on 'the state of the complaint at the time of removal.'" *Williams v. Toys "R" Us - Delaware, Inc.*, No. CV 15-13943-MLW, 2016 WL 5723588, at *1 (D. Mass. Sept. 28, 2016) (citing *Magerer v. John Sexton & Co.*, 912 F.2d 525, 529 (1st Cir. 1990)).

15. It is well settled that in determining whether a complaint meets the amount in controversy threshold of 28 U.S.C. § 1332(a), a court should consider the aggregate value of a

plaintiff's claims for damages.  *See, e.g., Bell v. Preferred Life Assurance Soc'y*, 320 U.S. 238, 241 (1943) (amount in controversy requirement met if plaintiff "might recover," *inter alia*, award of actual and punitive damages in excess of amount in controversy requirement).

16.     Plaintiff asserts common law claims and a claims under M.G.L. ch. 151B for alleged unpaid and future lost wages totaling $100,000.00.  Exhibit A, Civil Action Cover Sheet.  Plaintiff also seeks to recover emotional distress damages, punitive damages, reasonable attorney's fees, and costs.  Exhibit A, Compl., at 4.  Thus, Plaintiff meets the $75,000 requirement for proceeding before this court on diversity grounds.[1]

17.     Because this action is between citizens of different states and the amount in controversy clearly exceeds the sum or value of $75,000, exclusive of interest and costs, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332.  Accordingly, this action is removable to this Court pursuant to 28 U.S.C. § 1441(a).

## VENUE AND NOTICE

18.     Removal is appropriate "to the district court of the United States for the district and division embracing the place where such action is pending."  28 U.S.C. § 1441(a).  Pursuant to 28 U.S.C. § 101, this Court embraces the Superior Court of Bristol County, Commonwealth of Massachusetts.  Accordingly, this Court is the appropriate venue for removal of this action.  28 U.S.C. § 1441(a).

---

[1] In providing an assessment of Plaintiff's claims for purposes of establishing diversity jurisdiction, Defendants make no concession of liability and no concession that Plaintiff is owed any damages.  *Amoche v. Guarantee Tr. Life Ins. Co.*, 556 F.3d 41, 51 (1st Cir. 2009) ("The question is not what damages the plaintiff will recover, but what amount is 'in controversy' between the parties.  That the plaintiff may fail in its proof, and the judgment be less than the threshold (indeed, a good chance that the plaintiff will fail and the judgment will be zero) does not prevent removal.").  Defendants dispute that Plaintiff is entitled to any recovery in this matter and disputes Plaintiff's allegations regarding any alleged unpaid wages.

19. Prompt written notice of this Notice of Removal has been sent to Plaintiff through his counsel, and to the Clerk of Court for the Superior Court of Bristol County, Commonwealth of Massachusetts, as required by 28 U.S.C. § 1446(d). A copy of this notice is attached hereto as Exhibit C.

## **CONCLUSION**

20. Based on the foregoing, this Court has original jurisdiction over this action pursuant to 28 U.S.C. § 1332; therefore, the Court properly may exercise jurisdiction over this lawsuit. 28 U.S.C. §§ 1441(a).

21. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff, without conceding that Plaintiff has pleaded claims upon which relief can be granted, and without admitting that Plaintiff is entitled to any monetary or equitable relief whatsoever (or that the damages he seeks may be properly sought).

22. Should Plaintiff seek to remand this case to state court, Defendants respectfully ask that they be permitted to brief and argue the issue of this removal prior to any order remanding this case. In the event the Court decides remand is proper, Defendants respectfully request that the Court retain jurisdiction and allow Defendants to file a motion asking this Court to certify any remand order for interlocutory review by the First Circuit Court of Appeals, pursuant to 28 U.S.C. § 1292(b).

WHEREFORE, Defendants Reinhart Foodservice, L.L.C., Gerald McFall, and Timothy Conway submit that this action is properly removable based on diversity jurisdiction and respectfully shows that the above-described action pending against it has been removed to the United States District Court for the District of Massachusetts. Defendants also request all other relief, at law or in equity, to which they justly are entitled.

Dated: March 30, 2020

Respectfully submitted,

DEFENDANTS REINHART FOODSERVICE, L.L.C., GERALD MCFALL, and TIMOTHY CONWAY.

By Their Attorneys,

/s/ *Kristin G. McGurn*
Kristin G. McGurn (BBO No. 559687)
kmcgurn@seyfarth.com
Shannon M. Berube (BBO No. 690974)
sberube@seyfarth.com
SEYFARTH SHAW LLP
Two Seaport Lane, Suite 300
Boston, MA 02210-2028
TEL: 617-946-4800
FAX: 617-946-4801

## CERTIFICATE OF SERVICE

I hereby certify that on March 30, 2020, a true copy of Defendants Notice of Removal was filed through the Court's ECF system.  Paper and electronic copies were also delivered to all counsel of record not current registered to receive ECF notices in this matter.

*/s/ Kristin G. McGurn*
Kristin G. McGurn