# Exhibit A

| CIVIL ACTION COVER SHEET | DOCKET NO.(S) | TRIAL COURT OF MASSACHUSETTS SUPERIOR COURT DEPARTMENT COUNTY: Bristol |
|---|---|---|
| PLAINTIFF(S) ANTONIO GONCALVES | DEFENDANT(S) REINHART FOODSERVICE, LLC., GERALD MCFALL and TIMOTHY CONWAY | |
| ATTORNEY, FIRM NAME, ADDRESS AND TELEPHONE David H. Stillman, Esq. Stillman & Associates, P.C. 51 Mill Street, Suite 11, Hanover, MA 02339 (781) 829-1077 BBO No. 555554 | ATTORNEY (if known) | |

### Origin code and track designation

Place an x in one box only:
- ☒ 1. F01 Original Complaint
- ☐ 2. F02 Removal to Sup.Ct. C.231, s. 104 (Before trial) (F)
- ☐ 3. F03 Retransfer to Sup.Ct. C.231, s.102C (X)
- ☐ 4. F04 District Court Appeal c.231, s. 97 & 104 (After trial) (X)
- ☐ 5. F05 Reactivated after rescript; relief from judgment/Order (Mass.R.Civ.P. 60) (X)
- ☐ 6. E10 Summary Process Appeal (X)

### TYPE OF ACTION AND TRACK DESIGNATION (See reverse side)

| CODE NO. | TYPE OF ACTION (specify) | TRACK | IS THIS A JURY CASE? |
|---|---|---|---|
| B22 | EMPLOYMENT | (F) | (X) Yes  ( ) No |

The following is a full, itemized and detailed statement of the facts on which plaintiff relies to determine money damages. For this form, disregard double or treble damage claims; indicate single damages only.

#### TORT CLAIMS
(Attach additional sheets as necessary)

A. Documented medical expenses to date:
 1. Total hospital expenses ............................................................................................... $
 2. Total Doctor expenses ................................................................................................ $
 3. Total chiropractic expenses ........................................................................................ $
 4. Total physical therapy expenses ................................................................................ $
 5. Total other expenses (describe) ................................................................................. $
   Subtotal $
B. Documented lost wages and compensation to date .................................................... $ OVER $50,000
C. Documented property damages to date....................................................................... $
D. Reasonably anticipated future medical and hospital expenses ................................... $
E. Reasonably anticipated lost wages .............................................................................. $ OVER $50,000
F. Other documented items of damages (describe) EMOTIONAL DISTRESS DAMAGES $ OVER $50,000

G. Brief description of plaintiff's injury, including nature and extent of injury (describe)
This is an employment case. Plaintiff was discriminated against because of his nationality and was retaliated against.
   $
   TOTAL $ OVER $150,000

#### CONTRACT CLAIMS
(Attach additional sheets as necessary)
Provide a detailed a description of claim(s):

TOTAL $

PLEASE IDENTIFY, BY CASE NUMBER, NAME AND COUNTY, ANY RELATED ACTION PENDING IN THE SUPERIOR COURT DEPARTMENT

"I hereby certify that I have complied with the requirements of Rule 5 of the Supreme Judicial Court Uniform Rules on Dispute Resolution (SJC Rule 1:18) requiring that I provide my clients with information about court0connected dispute resolution services and discuss with them the advantages of the various methods."

Signature of Attorney of Record _____ DATE: 3-2-2020

COMMONWEALTH OF MASSACHUSETTS

BRISTOL, ss.                                                    SUPERIOR COURT DIVISION
                                                                C.A. NO. _____

ANTONIO GONCALVES,                      )
    Plaintiff,                          )
                                        )
v.                                      )
                                        )
REINHART FOODSERVICE, LLC.,             )
GERALD MCFALL and TIMOTHY CONWAY        )
    Defendants.                         )
                                        )

## COMPLAINT AND JURY DEMAND

Plaintiff, Antonio Goncalves ("Mr. Goncalves"), alleges as follows:

### PARTIES

1. Plaintiff, Antonio Goncalves ("Mr. Goncalves") is an individual currently residing in Pembroke, Massachusetts.

2. Defendant, Reinhart Foodservice, LLC, ("Reinhart") is a foreign corporation with a principal place of business at 225 John Hancock Rd, Taunton, Massachusetts 02780.

3. Gerald McFall was, at all relevant times an employee at Reinhart and was the supervisor of Mr. Goncalves.

4. Timothy Conway was, at all relevant times an employee at Reinhart and was the V.P. of the Credit department and had supervisory authority over Mr. Goncalves.

### FACTUAL ALLEGATIONS

5. Mr. Goncalves began working as a Regional Sales Manager with Reinhart in 2011.

6. Mr. Goncalves always did an excellent job managing his sales team and making Reinhart profitable.

7. On February 22, 2019 Mr. Goncalves was terminated soon after reporting an issue of discrimination to his supervisor Gerald McFall.

8. Mr. Goncalves is Latino, coming from Brazil and putting him in a protected class.

9. In January of 2019, Timothy Conway, the V.P. of credit was contacted by Mr. Goncalves because a customer was on a credit hold which needed to be released before further sales could be made.

10. Mr. Goncalves got on a conference call with Mr. Conway and a co-worker, Joe Houston so that the customer's credit could be released. Before agreeing to release the customer's credit, Mr. Conway told Mr. Goncalves that "a wall was going to be built" and that Mr. Conway would "throw (Mr. Goncalves) on the other side of the wall and wouldn't have to deal with "you people" after that happened.

11. This conversation was extremely disturbing to Mr. Goncalves and Mr. Houston. Mr. Goncalves complained to his direct supervisor, Mr. McFall who told him that he should "stand by" because he has "got this and would be getting back to (him)".

12. Despite Mr. McFall's promise to investigate and resolve this issue, it does not appear that Mr. Conway was disciplined in any way or that an investigation even took place. Mr. Goncalves was never questioned further about this incident nor was Mr. Houston.

13. Instead of investigating this discriminatory act, Mr. Goncalves was terminated for an obviously pretextual reason. Mr. Goncalves was told that a sales consultant, Clifford Clark, was leaving the employment of Reinhart. Mr. Goncalves shared this information during a conversation that he had with one of Reinhart's vendors who was friends with Mr. Clark. It is

unclear why this led to Mr. Goncalves' immediate termination without so much as a warning or reprimand or explanation regarding why this warranted termination.

14. Reinhart had a history and culture of treating Latino employees differently than their non-Latino counterparts. As an example of this, Reinhart engaged in "sales blitzes" which teamed up salesmen with Regional Sales Managers. Typically, the teams would rotate, but Mr. Goncalves was always teamed up with salesmen who were not white. In addition, Two Latino salesmen were hired by Reinhart. They made more sales than many of the white salesmen who were paid significantly more than them.

15. After Mr. Goncalves realized that his supervisor, Mr. McFall was not going to investigate his complaint of discrimination, he attempted to speak with John Glenn, the president of the branch where Mr. Goncalves worked. Mr. Glenn refused to speak with him about this issue.

16. Mr. Goncalves was treated differently than his co-workers due to his nationality.

## LEGAL CLAIMS

### COUNT 1
### Discrimination and Harassment in Violation of M.G.L. ch. 151B

17. Mr. Goncalves incorporates Paragraphs 1-16 as if fully set forth herein.

18. At all relevant times, Mr. Goncalves was an employee of Reinhart.

19. Mr. Goncalves was treated differently, did not have the same job opportunities, was the subject of adverse employment actions and was otherwise discriminated against and harassed by his supervisors and employees of Reinhart because of his nationality.

20. As a result of this treatment, Mr. Goncalves suffered severe damages including loss of occupational opportunities and income and severe emotional distress.

WHEREFORE, the Plaintiff requests judgment in his favor against Reinhart and further requests that this Court award him lost wages, emotional distress damages, punitive damages, costs, attorneys' fees and all damages allowed by law.

## COUNT 2
## Retaliation In Violation of M.G.L. ch. 151B

21. Mr. Goncalves incorporates Paragraphs 1-20 as if fully set forth herein.

22. As a result of engaging in protected activity Defendant retaliated against Mr. Goncalves by imposing adverse employment actions against him in violation of M.G.L. ch. 151B and terminating him.

23. As a result of this treatment, Mr. Goncalves suffered severe damages including loss of occupational opportunities and income and severe emotional distress.

WHEREFORE, the Plaintiff requests judgment in his favor against Reinhart and further requests that this Court award him lost wages, emotional distress damages, punitive damages, costs, attorneys' fees and all damages allowed by law.

**PLAINTIFF DEMANDS A TRIAL BY JURY**

Respectfully submitted,
ANTONIO GONCALVES,
By his attorneys,

David H. Stillman (BBO# 555554)
Caitlin L. Bearce (BBO#687852)
STILLMAN & ASSOCIATES, P.C.
51 Mill Street, Suite 11
Hanover, MA 02339
Tel: (781) 829-1077
Fax: (781) 829-2077
dhs@stillmanlegal.com

March 2, 2020